United States District Court
District of Massachusetts

```
_____
                                 )
PHILIP AYER,                     )
MARY KNIEST-AYER                 )
        PlaintiffS,              )
                                 )     Civil Case No.
        v.                       )     12-10981-NMG
                                 )
U.S. BANK, N.A. AS INDENTURE     )
TRUSTEE FRO AMERICAN HOME        )
MORTGAGE INVESTMENT TRUST 2005-4,)
MORTGAGE BACKED CERTIFICATES,    )
SERIES 2005-4,                   )
MORTGAGE ELECTRONIC SYSTEMS, INC.)
        DefendantS.              )
                                 )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This case arises out of a potential foreclosure action instituted by defendant U.S. Bank, N.A. ("U.S. Bank") involving a property in Cohasset, Massachusetts ("the Property") belonging to plaintiffs Philip Ayer and Mary Kniest-Ayer ("plaintiffs").

I. **Background**

On August 23, 2005, plaintiffs executed a mortgage ("Mortgage") to American Home Mortgage Acceptance, Inc. ("Lender"). The Mortgage identified defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Lender and Lender's successors and assigns. On September 16, 2009 MERS assigned the Mortgage to U.S. Bank National Association

as Indenture Trustee for American Home Mortgage Investment Trust 2005-4, Mortgage-Backed Certificates, Series 2005-4 ("U.S. Bank as Trustee for Series 2005-4") with an effective date of September 11, 2009.  On June 8, 2011, MERS as nominee for Lender confirmed the assignment.  Subsequently, on July 8, 2011, U.S. Bank as Trustee for Series 2005-4 assigned the Mortgage to U.S. Bank.  No foreclosure sale has been scheduled and no notice of foreclosure has been given by defendants to plaintiffs.

Plaintiffs seek a declaratory judgment that the assignment by MERS to U.S. Bank was invalid and that, as a result, U.S. Bank does not have the power to foreclose on their property (Count I). Plaintiffs also bring an action to quiet title (Count II), and allege breach of the duty of good faith and reasonable diligence (Count III) and violation of M.G.L. c. 93A (Count IV).

After a hearing on October 4, 2011 the Court took the matter under advisement.

### III. **Analysis**

####   A.   **Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court must

accept as true all factual allegations underlying the claim and draw all reasonable inferences in favor of the non-moving party. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). In considering the merits of a motion to dismiss, the Court may not look beyond the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the Complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

**B. Application**

    **1. Declaratory Judgment (Count I)**

Plaintiffs assert that they have standing to challenge "any invalid foreclosure proceedings concerning their property" and that a foreclosure action instituted by U.S. Bank would be invalid because U.S. Bank is not legally the current owner of the property. Both parties agree, however, that U.S. Bank has not foreclosed or even noticed a foreclosure sale and, as a result, plaintiffs have no standing to sue.

Furthermore, plaintiff's contention is actually an attempt to circumvent plaintiff's lack of standing to challenge directly U.S. Bank's power to foreclose on the grounds that the assignment by MERS was invalid. This Court has repeatedly dismissed borrowers' challenges to the assignment of their mortgage where the borrowers are neither parties to nor third party

beneficiaries of the assignment. Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407, 412 (D. Mass. 2012)(collecting cases).

Even if plaintiffs had standing to challenge a mortgage assignment, the assignment by MERS to U.S. Bank was valid. In re Marron, Bankr. App. No. 11-40191-NMG, 2012 WL 4482374 (D. Mass. Sept. 26, 2012) at *6 ("This Court has repeatedly held that MERS has the authority to assign mortgages under Massachusetts law.")(collecting cases). Moreover, because plaintiffs' mortgage specifically grants the right to invoke the statutory power of sale to the assigns of the original Lender, U.S. Bank, as assignee of plaintiffs' mortgage, has the power to foreclose. As a result, plaintiffs have failed to state a claim on which relief can be granted.

2. **Quiet Title (Count II)**

Plaintiffs have failed to state a claim for quiet title because they do not actually hold legal title to the Property. Under Massachusetts law, a plaintiff cannot maintain a quiet title action unless she has both actual possession of and legal title to the property. Daley v. Daley, 14 N.E.2d 113, 116 (Mass. 1938). Because Massachusetts is a title state, mortgagors do not hold legal title to the Property until they have repaid their loan debt in full. A quiet title action is not appropriate for a

mortgagor whose debt is in arrears because, until the

> mortgage is discharged, the title necessarily remains under a cloud.

Oum, 842 F. Supp. 2d at 412. Because the plaintiffs have not repaid their loan in full, they do not hold legal title and thus cannot maintain a quiet title action.

### 3. Breach of Good Faith and Reasonable Diligence (Count III)

Plaintiffs next allege that U.S. Bank breached its duty of good faith and reasonable diligence when it "represented that it held legal standing to foreclose" and by "taking without a valid assignment." Plaintiffs allege no violations of the duty by MERS. The mortgagee must "act in good faith" and "use reasonable diligence to protect the interests of the mortgagor." Seppala & Aho Const. Co. v. Petersen, 367 N.E.2d 613, 615 (Mass. 1977). Generally this duty relates to exercising the power of sale and encompasses providing adequate notice of the sale and making efforts to obtain a reasonable price at the foreclosure auction. However, in this case there has been no notice of foreclosure and U.S. Bank has not sought to exercise the power of sale. Furthermore, as discussed above, the assignment by MERS to U.S. Bank was legal and provided U.S. Bank with legal standing to foreclose. Thus, plaintiffs fail to state a claim based on breach of the duty of good faith and reasonable diligence.

### 4.   Violation of M.G.L. c. 93A (Count IV)

Plaintiffs also allege violations of M.G.L. c. 93A, § 9(3) ("Chapter 93A"). Chapter 93A requires that a plaintiff mail or deliver a written demand letter to prospective defendants at least thirty days prior to filing suit. Plaintiffs must also plead in their complaint that they have complied with this requirement as a prerequisite to bringing suit. Kanamaru v. Holyoke Mut. Ins. Co., 72 Mass. App. Ct. 396, 407-08 (2008). At oral argument plaintiffs conceded that they did not send such a demand letter but claimed that U.S. Bank falls within the limited exception to the demand requirement because it neither maintains a place of business nor holds any assets in Massachusetts. This argument is unavailing, however, because by virtue of holding at least one mortgage in Massachusetts, U.S. Bank does hold assets in Massachusetts for purposes of Chapter 93A. Okoye v. Bank of N.Y. Mellon, CIV.A. No. 10-11563-DPW, 2011 WL 3269686 (D. Mass. July 28, 2011). Because plaintiffs have not complied with the requirement to serve a written demand letter they have failed to state a claim for violation of Chapter 93A.

**ORDER**

In accordance with the foregoing, the defendant's motion should be **ALLOWED**. Accordingly, the case is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 30, 2012